**FIDELITY NATIONAL BANK of BATON ROUGE, a Banking Institution, Plaintiff,**

v.

**M/T RICHLUBE, her engines, boilers, tackle, etc., and Asociados Tecnicos, S. A., a corporation, Defendants.**

**GEORGE ENGINE COMPANY, Inc., Plaintiff,**

v.

**M/T RICHLUBE, her engines, boilers, tackle and furniture, etc., Defendant.**

**Civ. Nos. 6739, 6763.**

District Court, Canal Zone, Division Balboa.

Aug. 20, 1969.

Roy Phillipps, Balboa, Canal Zone, for Fidelity Nat. Bank of Baton Rouge.

Henry L. Newell, Balboa, Canal Zone, for M/T Richlube, etc., and another.

De Castro & Robles, Balboa, Canal Zone, for George Engine Co., Inc.

· OPINION

CROWE, District Judge.

The above styled cases were consolidated for the purpose of determining the priority of liens and distribution of the proceeds of the sale.

The plaintiff in Civil No. 6763, claims a priority over plaintiff in Civil No. 6739, on the theory that it is a credit of an American supplier, within the purport of 46 U.S.C. § 951, as amended. Plaintiff in Civil No. 6739, claims priority under the same provision, on the theory that its foreign mortgage is afforded the same privilege and priority as an American ship's preferred mortgage, subordinate only to "maritime liens for repairs, supplies, towage, use of drydock or marine railway, or other necessaries, *performed or supplied in the United States.*" (emphasis supplied).

It has been stipulated in open Court in both cases cited that the mortgage in Civil No. 6739 qualifies as a Preferred Ship's Mortgage under 46 U.S.C. § 951, as amended; that the supplier of the generator in Civil No. 6763 is an American supplier, that is to say, it is a Company in the United States; and that the generator which was sold is a "necessary" of the vessel. Counsel for mortgagee alleges, however, that the generator was not furnished to the vessel while the vessel was in a port of the United States and, hence, is not a necessary which was "performed or supplied in the United States", within the context of 46 U.S.C. § 951, as amended.

The generator was sold by George Engine Company, Inc., of Harvey, Louisiana, U. S. A., and an invoice made out showing the purchaser as: "M/T RICHLUBE, Asociados Tecnicos, S. A., c/o Buchlotz and Ruttruff, 506 Cigali Building, New Orleans, Louisiana. It

has been further agreed between counsel for the above-mentioned parties, that the generator was shipped to the vessel's agent in Miami, Florida, and from there taken by the agent and shipped to the vessel which was then lying in Panamanian waters.

The Court is of the opinion that even though the vessel was not in a United States port at the time the generator was put on board, said generator was delivered by an American supplier to an agent or commercial representative of the vessel and owners at a place within the United States, namely, Miami, Florida, and is therefore a necessary "supplied in the United States", and entitled to priority over the foreign ship's mortgage.